(Nos. 2267, 2268, 2269, 2270, 2271, 2272, Consolidated—

BLANCHE BULLI, No. 2267, ELIZA POZZI, A MINOR BY ANNA GALLI, HER MOTHER AND NEXT FRIEND, No. 2268, RUDOLPH BELLETINI, No. 2269, ANNA GALLI, No. 2270, FRED CASTELLI, No. 2271, ALBERT GALLI, No. 2272, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 13, 1939.*

WOLFBERG & KROLL, for claimants.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

All of these cases arose out of the same accident, and on motion of the Attorney General they were consolidated.

The basis for the claim is an accident which occurred on the 13th day of August, A. D. 1933.

The claimant, Blanche Bulli, in claim number 2267, alleges that at the time of the injury the respondent was a commonwealth and was in possession and control of a certain

public highway known as Illinois Route No. 5, at or near the city of Mendota, Illinois, and that it was the duty of the respondent to exercise ordinary care to keep the said public highway in a reasonably safe condition for the purpose of public travel thereon; that at the time of the injury and for a long time prior thereto the respondent had carelessly and negligently failed and neglected to exercise ordinary care to keep said public highway at the place aforesaid in a reasonably safe condition; but on the contrary thereof, on the day of the injury and for a long time prior thereto carelessly and negligently permitted and allowed said Illinois Route No. 5, especially at a certain point, to-wit: near the farm of Stanley M. Wujek, on the said Illinois Route No. 5, to be and remain in a dangerous and unsafe condition, and carelessly and negligently permitted and allowed divers holes, depressions and uneven places to be and remain in said public highway at the place aforesaid. Claimant further alleges that the respondent had notice of the dangerous and unsafe condition of the public highway at the place aforesaid, or by the exercise of ordinary care should have had notice; that at the time of the injury claimant was riding as a passenger in a certain automobile which was then and there being driven along and upon said Illinois Route No. 5, at the place aforesaid, in a northerly direction, and that while the claimant was then and there in the exercise of ordinary care for her own safety, by reason of the carelessness and negligence of the respondent, as aforesaid, the said automobile ran and was precipitated into one or several of the holes in the pavement, and the said automobile was thrown from the road into the ditch by the side of the road and overturned, by means of which the claimant received certain injuries, and she claims damages in the sum of $1,500.00.

Elisa Pozzi, a minor, by Anna Galli, her mother and next friend, makes substantially the same allegations in her complaint and also claims damages in the sum of $1,500.00.

To the same effect is the complaint of Rudolph Belletini, and the same amount of damages is alleged, except he avers he was driving the automobile.

Anna Galli avers that she was a passenger in the car and the other facts hereinbefore related are also averred, and she also claims damages in the sum of $1,500.00.

Fred Castelli also avers that he was a passenger in the said car, and makes like charges, and also claims damages in the sum of $1,500.00.

Albert Galli makes similar charges, and also avers that Anna Galli was the mother of Anita Marie Galli, a minor aged four and one-half months, who was killed in said accident. Albert Galli charges that he is entitled to the earnings of the minor child until said minor reaches the age of majority; and that he expended large sums of money for funeral expenses for the said Anita Marie Galli, and claimant asks damages in the sum of $2,500.00.

The complaints allege that this accident occurred on Route No. 5 near the City of Mendota, Illinois. Route No. 5 at the time of the accident is what is known as U. S. No. 20 now and does not run near Mendota, Illinois, nor in LaSalle County, in which Mendota is located, but extends westerly from the City of Chicago, Illinois, through the City of Rockford, Illinois, to Dubuque, Iowa, and on west. It is not averred in said complaints that the said highway is a State Bond Issue highway under the supervision and control of the respondent, but if there was a cause of action in this case at all, proper amendments could have been made.

The Attorney General has made a motion to dismiss each of the complaints on four different grounds:

"1. That each of said declarations filed herein are substantially insufficient in law and fail to state a proper legal cause of action against the respondent.

2. That the doctrine of respondeat superior has no application to the respondent herein, for the reason a sovereign state in the exercise of a governmental function cannot be held liable for the misfeasance, malfeasance or nonfeasance of its officers, agents or employees.

3. That while it is alleged in said complaints the accident occurred upon a public highway designated as 'Illinois Route No. 5' located 'at or near the City of Mendota, Illinois,' it does not affirmatively appear from the allegations in the complaints that said paved highway is a State Bond Issue Route under the control and supervision of the respondent so as to give this Court jurisdiction of the alleged claim.

4. That this Court should take judicial notice of the fact that the paved highway officially known and designated as

State Bond Issue Route No. 5 is not located at or near the City of Mendota, Illinois.''

This motion must be sustained, and any one of these grounds is sufficient. We further base our decision on the second reason; that is, that the doctrine of respondeat superior has no application to the respondent herein, for the reason a sovereign state in the exercise of a governmental function cannot be held liable for the misfeasance, malfeasance or nonfeasance of its officers, agents or employees.

In the building and maintenance of a system of improved and hard-surfaced highways the State acts in its sovereign capacity in carrying out one of its governmental functions and cannot be held liable for the misfeasance, malfeasance or nonfeasance of its officers or agents. This Court has so held in many cases. See Story on Agency, 9th Ed., Sec. 319, p. 390.

For the reasons above mentioned the motion of the Attorney General to dismiss these complaints will be sustained. Each cause is, therefore, dismissed.